# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ARTURO GODINEZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § | | |
| PLAINTIFF § § § | | |
| v. § § | CIVIL ACTION NO. 5:20-cv-952 | |
| 180 CONCRETE DESIGN, INC., 180 CONCRETE WIND-UP, INC., AND AUSTIN HARKINS, INDIVIDUALLY, § § § § § § | | |
| DEFENDANTS § | | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Arturo Godinez, on behalf of himself and all others similarly situated, files this Collective Action Complaint against Defendants 180 Concrete Design, Inc., 180 Concrete Wind-Up, Inc., and Austin Harkins, Individually ("Defendants").

## I. PRELIMINARY STATEMENT

1.1     This is an action for failure to pay overtime compensation brought under the Fair Labor Standards Act ("FLSA"). Defendants install decorative concrete for both commercial and residential customers in and around San Antonio, Texas. Plaintiff Arturo Godinez was employed by Defendants as an installer.

1.2     Arturo Godinez was paid on an hourly basis.

1.3     Arturo Godinez and the putative class were misclassified as independent contractors.

1.4     Arturo Godinez, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs,

costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.5     For at least three years prior to the filing of this Complaint, Defendants willfully committed violations of the FLSA by failing to pay overtime premiums to non-exempt employees for hours worked in excess of forty hours per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2     The Court has personal jurisdiction over Defendants because they conduct business in Texas and have entered into relationships with Plaintiff in Texas and have committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.     PARTIES

**A.     Plaintiff**

3.1     Plaintiff Arturo Godinez is an individual residing in San Antonio, Texas. His notice of consent is attached to Plaintiff's Original Collective Action Complaint as Exhibit A.

**B.     Defendants**

3.2     Defendant 180 Concrete Design, Inc. is a corporation with its primary place of business in San Antonio, Texas.

3.3     180 Concrete Design, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.4     180 Concrete Design, Inc. can be served with process by serving its registered agent, Austin Harkins, at 915 Slumber Pass, San Antonio, Texas 78260 or at 107 Talavara, Suite 232, San Antonio, Texas 78232.

3.5     Defendant 180 Concrete Wind-Up, Inc. is a corporation with its primary place of business in San Antonio, Texas.

3.6     180 Concrete Wind-Up, Inc. was an employer of Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

3.7     180 Concrete Wind-Up, Inc. can be served with process by serving its registered agent, Austin Harkins, at 915 Slumber Pass, San Antonio, Texas 78260 or at 107 Talavara, Suite 232, San Antonio, Texas 78232.

3.8     Austin Harkins is the President and owner of both 180 Concrete Design, Inc. and 180 Concrete Wind-Up, Inc.

3.9     At all times relevant to this claim, Austin Harkins acted directly or indirectly in the interest of Defendants 180 Concrete Design, Inc. and 180 Concrete Wind-Up, Inc. in relation to Godinez' employment.

3.10    Austin Harkins was an employer of Godinez as defined by 29 U.S.C. §203(d).

3.11    At all times hereinafter mentioned, Austin Harkins has exercised managerial responsibilities and substantial control over Defendants' employees, including Godinez, and the terms and conditions of their employment. Harkins has the authority to: hire, fire and direct Defendants' employees, including Godinez; supervise and control the employment relationships and work schedules of Defendants' employees, including Godinez; set and determine the rate and

method of pay of Defendants' employees, including Godinez; and decide whether Godinez receives overtime compensation. Upon information and belief, Austin Harkins also kept business records for Defendants' employees, including Plaintiff.

### IV. FLSA COVERAGE

4.1 For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.2 At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3 At all relevant times, Defendants employed "employees", including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4 At all relevant times, Defendants employed two or more persons in interstate commerce.

4.5 At all relevant times, Defendants 180 Concrete Design, Inc. and 180 Concrete Wind-Up, Inc. have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.6 At all times hereinafter mentioned, Defendants 180 Concrete Design, Inc. and 180 Concrete Wind-Up, Inc. have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.7	At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendants.

4.8	At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

4.9	As concrete installers, Plaintiff and those similarly situated handled items including trowels, grinders, sprayers, scrubbers, vacuums and pressure washers that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.   FACTUAL ALLEGATIONS

5.1	Defendants provide commercial and residential concrete installation in and around San Antonio, Texas.

5.2	Defendants employed Arturo Godinez during the three-year period preceding the filing of this Complaint.

5.3	Defendants paid Arturo Godinez and those similarly situated on an hourly basis. Arturo Godinez and all those similarly situated consistently worked over forty hours per week. Arturo Godinez and all those similarly situated were non-exempt employees. However, Defendants failed to pay Arturo Godinez and all those similarly situated overtime premiums for any hours worked over forty per week.

5.4	At all times relevant hereto, Defendants knew of, approved of, and benefited from the regular and overtime work of Plaintiff and those similarly situated.

5.5	Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

5.6     Defendants' actions were willful and in blatant disregard for the federally protected rights of Plaintiff and those similarly situated.

## VI.     COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the pattern, practice, and policies of Defendants that are in violation of the FLSA.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

6.2     Plaintiff brings his claim for relief on behalf of all persons who worked for Defendants as hourly concrete installers at any time three years prior to the filing of this lawsuit to the entry of judgment in this lawsuit (Collective Class).

6.3     Defendants paid Plaintiff and the Collective Class on an hourly basis and suffered and permitted them to work more than forty hours per week.  Defendants did not pay either Plaintiff or the Collective Class overtime premiums for any hours worked beyond forty per week.

6.4      Though their job titles may vary, the members of the Collective Class were all hourly concrete installers.

6.5      Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendants' operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants

6.10    Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.    CAUSE OF ACTION:  VIOLATION OF THE FLSA

### Failure to Pay Overtime Wages

7.1     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2     Plaintiff and all others similarly situated are non-exempt employees.

7.3     As non-exempt employees under the FLSA, if Plaintiff and all others similarly situated worked over forty hours in a workweek, they were entitled to overtime premiums.

7.4     Over the course of the relevant period, Plaintiff and all others similarly situated routinely worked in excess of forty hours per week.

7.5     Even though Plaintiff and all others similarly situated worked in excess of forty hours per week, Defendants failed to pay them an overtime premium for any hours worked in excess of forty per week.

7.6     Defendants has violated 29 U.S.C. § 201 *et seq*. by failing to pay Plaintiff and all others similarly situated overtime premiums for those hours worked over forty per workweek.

7.7     No excuse, legal justification or exemption excuses Defendants' failure to pay Plaintiff and all others similarly situated overtime compensation for hours worked over forty in a workweek.

7.8     Defendants has failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.9     Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquidated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Arturo Godinez and all others similarly situated respectfully pray that Defendants 180 Concrete Design, Inc., 180 Concrete Wind-Up, Inc. and Austin Harkins be cited to appear, and that, upon trial of this matter, Plaintiff and the Collective Class recover the following against Defendants jointly and severally:

a.  Actual damages for the full amount of their unpaid overtime compensation;

b.  Liquidated damages in an amount equal to their unpaid overtime compensation;

c. Reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. Such other and further relief, at law or in equity, as this Honorable Court may find proper.

Respectfully submitted,

/s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
Moreland Verrett, PC
2901 Bee Cave Rd, Box L
Austin, Texas 78746
Phone: (512) 782-0567
Fax: (512) 782-0605
Email: doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**